(33 Misc. Rep. 347.)

PEOPLE ex rel. ASTOR v. COMMISSIONERS OF TAXES AND ASSESSMENTS OF CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. December, 1900.)

TAXATION—ASSESSMENT OF PERSONALTY—TAXPAYER'S CHANGE OF RESIDENCE—
    EVIDENCE—SUFFICIENCY.
        Within the time limited by law one whose personalty was assessed
    in 1899 appeared before the tax commissioners and claimed to be a non-
    resident, and testified to his removal to London in 1895, to the establish-
    ment of a residence there, the giving up of his New York house, and the
    sale, removal, or disposal otherwise of the furniture therein, and stated
    that he did not ever intend to return. He served formal notice and proof
    on the commissioners in 1896 that he was a nonresident, but neither for
    the year 1896, 1897, nor 1898 did he apply to have the assessments for

those years vacated. The evidence was uncontradicted. *Held,* that the commissioners were not justified in retaining the assessment on the grounds that he still retained his citizenship and paid the taxes for the years last mentioned without a protest, and that Laws 1896, c. 908, § 8, provides that the residence of a taxpayer in a tax district shall be presumed to continue, for the purpose of taxation, until he acquires another residence in the state, or removes therefrom; such presumption being overcome by the uncontradicted evidence.

Certiorari by the people, on the relation of William Waldorf Astor, against the commissioners of taxes and assessments of the city of New York, to review the action of the commissioners in assessing the personal estate of relator for the year 1899. Petition granted.

Peabody, Baker & Peabody, for relator.
John Whalen, Corp. Counsel, for respondents.

ANDREWS, J. This is a proceeding brought to review the action of the tax commissioners in the matter of the assessment of the personal estate of William Waldorf Astor for the year 1899. The deputy tax commissioner assigned to that duty under the direction of the tax commissioners assessed the personal estate of the relator for the year 1899 at the sum of $2,000,000, and duly entered such assessment in the "Annual Record" of the borough of Manhattan. Within the time limited by law the relator applied to the tax commissioners for relief from such assessment, and submitted to them a statement in writing in which he claimed that he was not liable to be assessed in any sum whatever, because he was not a resident of the city and county of New York, but of the city of London, in the kingdom of Great Britain. Thereafter, at the request of said commissioners, the relator presented himself before them and was examined orally as to his residence, and his statements and evidence were reduced to writing, a copy of which writing is annexed to the return herein. Upon such examination the relator testified under oath that, having previously been a resident of New York City, he removed in or about the year 1895 to the city of London, England, where he established his residence in a house which he had already purchased for such residence; that the house which he had formerly occupied in New York was given up, his furniture removed to London or disposed of by sale or otherwise, and that from that time to the date of such examination he had been continuously a resident of the city of London, and that, except for one visit of two or three weeks, he was not in the city of New York prior to the assessment for the year 1899; and that he did not intend to ever again reside in the city of New York, but intended to continue to be a permanent resident of the city of London. It was also shown upon such examination that in order to prevent any misapprehension as to where he resided when his personal property was assessed for taxation in the year 1896, that being the first year after his change of residence, formal notice, with proof that he was not a resident of the city of New York, and was not liable to assessment and taxation on account of his personal property, was given

to the tax commissioners, but that neither for the year 1896 nor 1897 nor 1898 did he apply either to the tax commissioners or to the courts to have the assessment of his personal property which was made for each of those years vacated upon the ground of his non-residence. Notwithstanding this testimony the tax commissioners denied the relator's application, and decided to retain such assessment of $2,000,000 upon the books of the tax department. According to the return to the writ, the grounds upon which such denial was placed were as follows: That the personal property of the relator had been assessed in each of the years 1896, 1897, and 1898 in the sum of $2,000,000; that he had not applied for the cancellation of such assessments in either of said years, and had paid the taxes imposed thereunder without protest; that it further appeared that the relator still retained his citizenship here; that section 8 of chapter 908 of the Laws of 1896 provides as follows: "When a person shall have acquired a residence in a tax district and shall have been taxed therein, such residence shall be presumed to continue for the purpose of taxation until he shall have acquired another residence in this state or shall have removed from this state;" that in view of such facts, and not knowing whether the relator's alleged change of residence would be permanent or temporary, the tax commissioners considered it proper to retain the assessment against the relator for 1899. I am of the opinion that the application of the relator should have been granted by the tax commissioners. The evidence given by him upon his examination before the tax commissioners was not contradicted in any respect whatsoever, and, so far as I can see from the papers submitted, there was no reason to believe or to suspect that the testimony given by him was not true. The provision of the tax law above quoted is not conclusive as to the residence of any person. It merely provides that when a person has acquired a residence in a tax district, and has been taxed therein, such residence shall be presumed to continue, for the purpose of taxation, until he shall have acquired another residence in this state, or shall have removed from this state. The presumption, however, which the statute declares shall be made in a case like that of the relator, can be overcome by evidence that the person in question has removed from the state. This evidence was given by the relator. Such evidence was not contradicted, and all the facts testified to by him tended to prove the truth of his statement that he had actually and bona fide changed his residence from the city of New York to the city of London in the year 1895. It follows that the prayer of the petition must be granted, and the assessment of the personal property of the relator for the year 1899 must be canceled.

Petition granted.